## DANIEL v. HERNANDEZ.*
### No. 16501.

Court of Appeal of Louisiana. Orleans.
April 5, 1937.

Philip E. James, of New Orleans, for appellant.

W. B. Hamlin, of New Orleans, for appellee.

McCALEB, Judge.

On June 11, 1935, the plaintiff, Philip H. Daniel, instituted this suit against the defendant, R. S. Hernandez, for the sum of $940, alleging that he is the holder in

*Rehearing denied April 19, 1937. Writ of certiorari denied May 24, 1937.

due course for value and before maturity of a certain promissory note, executed by the defendant at New Orleans, La., for $1,000 to the order of said defendant and by him indorsed, dated September 12, 1934, payable 60 days after date and bearing interest at the rate of 6 per cent. per annum from maturity until paid. He further avers that, on the due date of said obligation, the defendant paid the sum of $60 on account thereof but that, notwithstand-. ing amicable demand, he has failed to pay the balance due.

The defendant answered and admitted the execution of the note; that the same is past due; that he paid the sum of $60 on account thereof; and that the plaintiff. has made amicable demand for the balance. He resists liability, however, on the following grounds:

1. That the note was given by him to one A. B. Dauterive, an indorser thereof, without any consideration whatever; that said Dauterive had promised to deliver to him a formula for making perfume; that said formula was never delivered; that Dauterive fraudulently secured the note in suit without consideration, and he charges that Dauterive never owned a registered formula to make perfume; and that, therefore, the promissory note was obtained from him through misrepresentation.

2. Defendant further denies that the plaintiff is a holder in due course for value received and before maturity, but, on the contrary, he avers that Dauterive (who is a brother-in-law of the plaintiff) conspired with plaintiff to make it appear that the promissory note was transferred from Dauterive to plaintiff for a valuable consideration, all in an effort to defraud the defendant.

Defendant further reconvened for the sum of $60 paid by him on account of the note, praying for judgment against the plaintiff in that amount.

On these issues, a trial was had and the district judge, after hearing the evidence, dismissed the plaintiff's suit and granted the defendant judgment on the reconventional demand for the sum of $60. Plaintiff has appealed to this court from the adverse decision.

It will be observed, from the above statement of the pleadings, that liability is denied on two grounds: First, want or failure of consideration, and, second, that the plaintiff is not the holder in due course of the note. We shall first examine the evidence respecting the alleged want or failure of consideration for, if it is determined that there was consideration for the giving of the note and that that consideration has not failed, it will be unnecessary to deduce whether or not the plaintiff is a holder in due course because, if the defendant is liable to Dauterive, it follows that he is liable to the plaintiff.

A reading of the record discloses the facts of the case to be as follows:

A. B. Dauterive is a chemist, having graduated from the Louisiana State University in the year 1902. After his graduation, he worked as a sugar chemist in South and Central America until the year 1920. In 1915, he became interested in raising and cultivating a plant or weed known as "vetivert." From the roots of this plant, he claims that a fluid can be extracted which, together with other ingredients, will make a perfume. Dauterive devised a formula to be used in making this perfume and organized a company, known as the American Specialty Company, to exploit the perfume. This company failed. Later, during the year 1934 (the exact time not being disclosed by the record), Dauterive became associated with the defendant, Hernandez, in making vetivert perfume from Dauterive's formula. It is conceded, by both Dauterive and Hernandez in their testimony, that Hernandez agreed to purchase from Dauterive the formula for making this perfume, for the sum of $1,000. Hernandez says that, at the time the agreement was made, he was short of cash; that he gave Dauterive (in lieu thereof) the promissory note herein sued on, in payment for the formula and that, upon the execution of the note and its delivery to Dauterive, Dauterive promised to mail the formula to him (Hernandez) on the following day.

We pause, here, to observe that, at the time the promissory note was given to Hernandez, there was, according to his own testimony, a valuable consideration flowing to him for the execution of the obligation, viz.: the transfer of the formula for making vetivert perfume. Hence, unless it can be found that, after the giving of the note, the consideration failed, Hernandez is responsible.

Hernandez testifies that, although Dauterive promised to deliver the formula to him on the day after the note was given, he failed to do so.

On the other hand, Dauterive states that this was a secret formula; that he was unwilling to deliver it to Hernandez at the time the note was given, and that it was understood, between Hernandez and himself, that the formula would be delivered to Hernandez as soon as Hernandez had paid the promissory note. Dauterive further says that, on October 22, 1934, before the note was due, he transferred the same to the plaintiff, for valuable consideration, and that, at the time of the transfer, he delivered to the plaintiff the secret formula and instructed plaintiff to turn over this formula to Hernandez at the time the note was paid. The plaintiff corroborates this testimony and says that the formula is held by him, to be delivered to Hernandez at the time the note is paid.

Plaintiff testifies that, when he acquired the note, he deposited the same with the Whitney Bank for collection. Hernandez admits that he was notified that the note had been placed with the Whitney Bank, but says that he had no knowledge of the fact that it had been transferred to the plaintiff (it being his impression that the note was being held by the bank at Dauterive's request).

Dauterive further testified that he made certain perfume from the formula at the request of Hernandez and delivered the same to Hernandez for sale. Hernandez admits that perfume was delivered to him by Dauterive, but he says that this was after he had given the promissory note and that he tried to sell it without success because the substance was sticky and gummy.

The foregoing evidence reveals a conflict of statements respecting the plea of failure of consideration. If the statement of Hernandez is correct, the consideration has failed because Dauterive did not live up to his agreement to deliver the formula on the day after the note was executed. On the contrary, if the evidence of Dauterive is to be believed, there has been no failure of consideration because he says that the formula was not to be delivered until the note was paid.

In view of the conflict, we look to the surrounding circumstances in order to fathom the truth. It is manifest to us that the conduct of Hernandez does not substantiate his testimony respecting the failure of consideration. If it is so, as he contends, that Dauterive was supposed to deliver to him the formula on the day following the execution of the promissory note, it seems strange that, when Dauterive failed in this respect, he did not either demand delivery of the formula or notify Dauterive to return the note to him. Instead of protesting or denying liability on the note, Hernandez remained silent during the entire time and, when the note became due, he paid on account thereof the sum of $60. This behavior, to say the least, is inimical with his contention that the consideration for the giving of the note had failed because Dauterive had not delivered the formula.

On the other hand, we find the testimony of Dauterive to be not only plausible but in accord with the attending circumstances. He owned this formula and it was undoubtedly an object of value not only to him but to Hernandez. It seems reasonable that he would not part with the possession of his secret until the obligation of the note was paid. When Dauterive transferred the note to the plaintiff, he also delivered the formula with the note and instructed the plaintiff to turn over the formula to Hernandez at the time the note was paid. To our minds, his testimony reflects the true intention of the parties at the time the contract was made.

The defendant further maintains that the consideration has failed because the perfume made from the formula is sticky, gummy, and unmerchantable. It is late in the day for him to make this defense, after he has had opportunity to examine the perfume and has failed to protest against its alleged worthlessness until he is sued in court on his promissory note. It may be that the sale of the perfume has not been profitable, but this in itself is no reason to allow him to avoid his obligation. On the whole, we feel that his course of action in this matter reflects that his charge, that the perfume made from the formula is valueless, is an afterthought.

It is well settled that, a plea of want or failure of consideration in an action on a promissory note, is one in confession and avoidance and that the burden of proof is upon the maker of the note. See Gulf Lumber Co. v. Bender, 173 La. 471, 137 So. 856. The defendant has failed to carry that burden to our satisfaction. It follows that the district judge erred in rejecting the plaintiff's demand.

In view of our finding, that the note was given for valuable consideration, it

is unnecessary for us to determine whether the plaintiff is a holder in due course for value before maturity.

For the reasons assigned, it is ordered that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, Philip H. Daniel, and against the defendant, R. S. Hernandez, in the full sum of $940, together with interest thereon at the rate of 6 per cent. per annum from November 12, 1934, until paid, and that the reconventional demand of the defendant be dismissed. Defendant to pay all costs.

Reversed.